Good morning, Your Honor, Your Honors. May it please the Court, my name is Paul Weiser, and I'm here on behalf of Appellant Herzog in this matter. The Washington Supreme Court squarely rejected Crace's ineffectiveness claim on the merits under the Strickland Standard. The District Court in this case committed two errors. First of all, by misreading the Supreme Court's decision, and then also by misapplying Section 2254d-1 by deciding the merits. The District Court did de novo review, right? That's our position, Your Honor. I believe that that's right. But did the District Court say that? I don't believe the District Court said it was doing that. What about the magistrate judge? Did the magistrate judge say it was doing de novo review? Same there, Your Honor. I believe a fair reading of both decisions is that it was a de novo review. I don't believe that they stated that. In fact, I believe that they cloaked the decision. But they're saying that the Court didn't analyze the second prong of Strickland, right? That's correct, Your Honor. Did the Court say that it assumed that it was deficient without finding it, and then did the Strickland analysis? Are you referring to your own opinion? The last reason decision, that we're... That's what the Washington Supreme Court said. Assuming without deciding that counsel was deficient, we cannot say in all reasonable probability that counsel's error, the failure to seek the lesser-included offense contributed to the conviction. So the Washington Supreme Court did not reach that issue of deficient performance. It reached exclusively... Then why doesn't the District Court look at deficient... Your Honor, the District Court is supposed to review the decision of the Washington Supreme Court as a whole, and whether... It didn't address deficient performance. That's correct, Your Honor. That's what it referred to. It did address it. Let me ask you this. You know, I was thinking about this when I was reviewing my notes about this case. You know, we're supposed to look through to the last reason decision, right? So we look through to the Washington Supreme Court's last reason decision. There technically is no decision by the Washington Supreme Court on deficient performance, though, but there is from the State Court of Appeal, which found deficient performance. Yes, Your Honor. But there is a decision from the Washington Supreme Court on the merits of Mr. Crase's ineffectiveness claim. Whether the court reached the merits of the deficient performance prong is a different matter because the Supreme Court has told us that a court can choose to do that. That you can do a Strickland analysis by doing the second prong and assume the first prong. That's correct, Your Honor. And that's your position, that they did a Strickland analysis, and so then you analyze it under AEDPA getting the double deferential, as you would say, as opposed to the district court just reanalyzing the first prong and going then to the second prong. That's our position, Your Honor. Let me ask you this. You know, when I read the Washington Supreme Court's opinion, how could a defendant in a post-conviction proceeding ever prevail on a claim that there was ineffective assistance of counsel for failing to request a lesser-included instruction? Your Honor. In light of the way the Washington Supreme Court looks at how you evaluate that. Your Honor. I don't see it. I don't think it's possible. I think it is possible, Your Honor. Because if the jury always returns a guilty verdict on the greater offense, you know, end of story. You don't have any. There's no ineffectiveness. Everything becomes an inquiry into the sufficiency of the evidence. Yeah. Well, I think that's part of the analysis. It has to be. Is this a verdict that is only weakly supported by the evidence? Was this one where it was absolutely marginal and the jury, a reasonable jury, could have gone either way, or is this one where the evidence is very strong? But they didn't even make that. They didn't even make that inquiry. They simply made an inquiry as to whether there was sufficient evidence. They said they weren't even going to consider it. The deficient performance? No, the question of prejudice. That is the question as to whether there was sufficient evidence to support the verdict. As long as there was sufficient evidence to support the verdict. That's it. That's it. I believe that what the Washington Supreme Court looked at was the quality of the evidence. The evidence strongly supported the verdict here. It wasn't mere sufficiency in a Jackson v. Virginia context. This was what was the evidence. Jackson v. Virginia is an entirely different line of inquiry from Strickland. That's a whole different – it's a very, very different issue. And we approach it very differently. Let me change the subject just a little bit. If we were to approach this as whether there's Strickland error, there's no question that Strickland is clearly established Supreme Court authority. On the question of whether a defendant is entitled to a lesser included offense, is that a constitutional right or is that a right under Washington law? It's not a federally constitutionally recognized right, as the Supreme Court has noted in a number of cases since Beck v. Alabama, except in that limited context. So after Beck it's only in capital cases? It's only in capital cases. Did the Court say that in Beck? This Court has recognized that also, that it applies that due process entitlement to a lesser included offense instruction applies only in the capital context. Well, here he did get a lesser included. He didn't get every imaginable. Is that correct? That's correct, Your Honor. I just sort of have a question because being a California person, that is this really a lesser included offense or is it a lesser related offense? In California, for example, you can't – if you give lesser included offenses, the jury isn't entitled to just look at all the verdicts and pick what they want. The instruction reads, if you find – if you all agree that they're not guilty of the greater, then you can look at the lesser and you can make a decision on that. Is that the same in Washington? That's the custom in this state, Your Honor, under the pattern jury instruction. All right. And here what he's talking about, he's charged with felonies and he wants a misdemeanor. And I know in California there can be a lot of things like, you know, for example, if you commit – if you're charged with murder, you know, second-degree murder, manslaughter, maybe lesser included, depending on what the facts are. Also, a battery is an unlawful touching with a death, but you wouldn't be entitled to a battery. So is – do you have to give every imaginable, you know, can a person make it from a felony down to a misdemeanor and give, you know – and I was looking at the lesser included that we're talking about here. It seems to me that you could commit the greater and not necessarily commit the lesser here. I think that's possible under some hypotheticals that a person could commit. Because it was kind of a brandishing type of thing that he wanted, right? That's correct. And you could assault someone without brandishing the weapon before you assaulted them, right? That's also correct, Your Honor. Didn't the Washington Supreme Court say that this lesser included offense that's at issue was a lesser included offense? I believe that the court, if they didn't say that, they at least acknowledged that it would be. If he had asked for it, he would have gotten it. I don't believe they went that far, Your Honor. Okay. They did say that it could be. That it could be. I think that that's a fair reading of the Washington Supreme Court's decision. That's right. Is that it could be under the facts of this case. The State Court of Appeals went further. The State Court of Appeals went even further and said that not only was it a lesser included offense, but that he would have received it. And I don't think that the Washington Supreme Court was willing to go quite so far as the Court of Appeals. And that's why the decision that we're deferring to, or that I'm asking the court to defer to, is the Washington Supreme Court's decision. Well, but if you have to acquit of the greater before you get to the lesser, and here they convicted of the greater, but it was the greater than the lesser greater, and then can you assume from that that they never would have gotten to the lesser included? I believe we have to. We have to assume that the jury undertook their task with reasonable care. How can you make that assumption? Well, we have to. They never had the alternative choice in front of them, or, you know, the instruction. Well, that's my question. Do they get to do it alternatively, or do the instructions in Washington say, you look at what they're charged with, and if you acquit them of that, then you can look at the other offenses? Or do they get to just go back and say, well, I'm just going to decide what I want to convict them of? The lawless decision maker. No, the Washington pattern jury instructions, and, of course, we didn't have one in this case because there wasn't the lesser included offense. Well, there was one lesser, right, attempt? Yes, Your Honor. I don't know that we would call that necessarily a lesser included offense. It's an attempt overlay on the main charge defense. But they had to be instructed on it, or they couldn't have found him, and he wasn't charged with attempt, right? No, he wasn't. He was charged with the second degree assault, and the court also gave an attempt instruction to the jury that they could find, if it was perhaps not a completed assault or that he had just taken a substantial step toward completing an assault, that they could find him guilty of attempted assault. So did they give the instruction about lesser included to this jury? I'm sorry? So was the jury told, if you find that he's not guilty of the assault, you can look at the attempted? Yes, Your Honor, and that was the way the instructions were posed to the jury. So you had to start with a greater offense, and then you had to find him not guilty of that before you could get to a lesser offense? I don't know that they were instructed, and I don't recall from the instructions whether the instruction read quite that way or not, that they first had to rule out second degree assault before considering attempted assault. I don't believe that they stated in that particularity. Let me ask you this. Just tell me what's your view on deficient performance, if we get to that problem. I believe that the facts of this case support a conclusion that counsel did not perform deficiently. That's not the question he just asked you. If we get to that, that's we know what your position is, but he's saying assume we got to that. Was it deficient for him to not ask for it? No, Your Honor. Why not?  The evidence was so strong that this was not deficient. What do we do with his declaration that he submitted in the post-conviction proceedings? His counsel's declaration where he said, I didn't consider it. And that's all he said, Your Honor. He didn't say it would have been a wise idea if I had requested that, or that this particular jury would have been likely to reach a verdict on unlawful display in lieu of assault. It's interesting what counsel didn't say. But you don't think that a reasonably competent lawyer, when he has represented a client that is facing a life sentence without the, does he get parole? Is there a parole possibility here? No, Your Honor. This is a life sentence. Without the possibility of parole, wouldn't ask for a lesser included instruction that might avoid that? I think that many attorneys would, would under those circumstances. I mean, I'm talking about a reasonable attorney. I'm not talking about many attorneys. I'm talking about a reasonable, reasonably competent, sensitive, you know, counsel realizes his client is facing a life sentence without the possibility of parole. I believe that that would be a reasonable response, Your Honor. But I don't believe it's unreasonable for counsel not to have requested that. If he had requested the instruction on the 9.41.270, the brandishing weapon, would there have been sufficient evidence to have convicted him on that, on that charge? On sufficiency? Yes, Your Honor. If we're talking about. Easily, right? Yes. There would have been sufficient evidence of that. So what would be the downside for counsel to have requested an instruction on that charge instead? I can't think of a downside. I can't think of. Is there an upside? Perhaps making it. Perhaps. An all or nothing. Perhaps making it an all or nothing where the jury must conclude that it was the assault or he is acquitted. So the only. So the only. The downside. Not the upside. But the downside is that the jury might decide to convict his client of something rather than convict him of nothing. Right. So the strategy. You think that the one strategic advantage for the defense in this case was that the jury had to go up or down on the question of the assault? Correct. Well, and he had. So if he had mental issues which were presented at the trial. That's correct. Could those mental issues have negated the intent requirements of the crimes that he was charged or that the jury was given the. Your Honor, the diminished capacity defense that he asserted was a defense or did negate the intent element of the assault in the second degree. Did not, as far as I understand it, did not have any effect on the other offenses he was facing, the criminal trespassing and the malicious mischief for breaking out the window in the police car after he was arrested. So what happened on those charges? He was also convicted on those. They are. But they're misdemeanors. They were misdemeanors. They are not three strike offenses. Yes. Correct. They were misdemeanors. Did you want to save some time for rebuttal? Yes, I did. Okay. Thank you, Your Honor. Thank you. Good morning. May it please the Court. My name is Jeff Ellis. I am counsel for Mr. Crais. Let me set the stage a bit. Mr. Crais was charged with assault in the second degree, which under Washington law is ordinarily a Class B felony, a 10-year maximum. But because this was a persistent offender case, it involved a life without parole sentence if convicted. The State requested the lesser of attempted assault in the second degree, and counsel did not object. Attempted assault in the second degree is a Class C felony, so a maximum of five years. But, again, it makes no difference in this case because he's a persistent offender, so it jumps up to life without parole. The unlawful display of a weapon, which the court, the Washington courts recognize as legally lesser included, has a maximum of one year. What puts him where he is isn't really what happened in the trial. It's that he has a long record, right? That's what puts him in a different situation than someone with no long record. Absolutely. But when we're talking about deficient performance, I think it's important to keep in mind two things. Number one, that counsel didn't object to this lesser that really made no difference in terms of the sentence. So it doesn't matter whether he's convicted of assault in the second degree or attempted assault. Ordinarily, that would result in a lesser sentence under Washington law and under probably most jurisdictions law, but not in this case. Secondly, it wasn't just that he didn't request the lesser. He didn't even consider it at all. He didn't even go through any thought process that said, will this make a difference? Is there an advantage? Is there a disadvantage? So we can put to the side for the moment of whether in this scenario, counsel who considers the issue could ever make a reasonable tactical decision to expose his client to a life sentence where he could, if the jury convicted on the lesser, get only a one-year sentence, especially in a case where there are other charges for which he would get a greater sentence. He received more than that on the malicious mischief. So for purposes of deficient performance, it seems clear to me based on the unchallenged record, because the state court did not hold an evidentiary hearing and the state objected to the conduct of an evidentiary hearing, the uncontradicted record is that it was deficient because counsel simply didn't even think about it. You're talking about an evidentiary hearing. You're talking about a state court. You're not talking about the district. I'm talking about both places. Well, let's talk about the state court, which is more important. Well, the state court, if it fails to grant an evidentiary hearing, has to ask whether there's, first of all, a prima facie case and then assume the facts most favorable to the petitioner, to Mr. Crais. With regard to deficiency, it simply assumes away the problem and doesn't do any analysis. But his declaration was submitted at the state post-conviction proceeding. Yes. In the state court proceedings, there was a declaration from trial counsel that said the only reason that I didn't request the lesser included was because it never entered my mind. I didn't think about it at all. Did the state ask to examine him? No. The routine position, I do a tremendous amount of post-conviction work in Washington State Court, the routine position of the state is to object to evidentiary hearings. Okay. And they are rarely granted. They are sometimes granted. So if we would adopt the district court's approach here, does that mean in every criminal case that a defense attorney is required to request an instruction for every lesser included offense? And isn't that contrary to Shad? Well, the answer to your question is no. You don't have to assume that. There certainly are times when counsel can make a reasonable tactical decision not to request a lesser. But this is not one of those for a variety of reasons. And this is not the case. Counsel didn't contemplate how will Mr. Krase's position be improved if I ask the lesser? How will his position be weakened? And I think there's two things that you can point to for that. Number one, his own declaration that says it just never crossed my mind. And number two, the fact that he doesn't object to the lesser that's actually given, a lesser that makes no difference at all. So for purposes of deficient performance, again, the uncontradicted record suggests that counsel wasn't even making a tactical decision. There may be times, and maybe there are even times where there's a disparity like this, where the lesser results in one year and the other lesser that he doesn't object to results in life, where counsel could make that decision. I think. Tell me this in terms of if the last reason decision here is the Washington Supreme Court, right? Unless you want to go back and say because the Washington Supreme Court didn't reason on deficient performance that the last reason decision is the Court of Appeals. All right. But from the standpoint is there's a lot of case law that says they don't have to say everything in terms of what their analysis is. So if they said, if the Washington Supreme Court said that they are just going to assume deficient performance and they're going to apply Strickland, why doesn't that necessarily mean that they went to the second prong of prejudice? Well, they did go to the second prong of prejudice. But the problem really is the question you asked earlier, Judge, about how did they apply the deficient or, excuse me, the prejudice analysis. And really they asked only one question, is there sufficient evidence? So the only time a defendant in Washington can win in this situation is where there's insufficient evidence. And there's no reason then to go through Strickland. You simply raise a Jackson versus Virginia claim. And if you win on that, you win on that. But Strickland is essentially rendered irrelevant. You know, in this case, Strickland asked, but for the error, is there a reasonable probability that the result would be different? But for the error in this case means that you have to inject something new into the case. You have to inject the possibility of a lesser included instruction. So if you ask the question. One thing about that, though, is, you know, when you do ask the question, when you ask the question, is it reasonably probable that the result might have been different. Right. It does require you look at all the evidence. It does. You know, and assess the quality of the evidence. Absolutely, it does. So that might suggest that you need to consider whether or not, how strong the evidence was with respect to the greater offense here. I think that's absolutely correct. But how strong the evidence is is a much different question than the sufficiency of the evidence. The sufficiency of the evidence only says, is there any evidence, not looking at the quality of the evidence, but is there any evidence on paper viewed in the light most favorable to the state that adds up to the elements of the offense. And that's what the Supreme Court does in two sentences. They go through and they say there's testimony on this and there's testimony on that. That's sufficient evidence. It doesn't engage in any analysis of quality. It doesn't engage in even the question of whether the instruction would have been given. It doesn't engage in the question that's always asked when a court is considering, when a trial court is considering whether to give a lesser, are there facts that support liability on the lesser alone? In other words, is there a scenario where a jury could say he's guilty of that thing but not of the greater thing? And clearly there are facts in this case. Is this, just my question about Washington law versus say, like, is this a lesser included or is it a lesser related? It's a lesser included. Well, isn't it possible, though, that you could commit the greater and not necessarily commit the lesser here? Based on the multiple prongs for the greater but not based on the way this particular crime was charged. And I have to correct my colleague. The law in Washington. Tell me why, because I don't quite understand that. Because what are the elements of this instruction that wasn't given? The elements of the instruction are that he was displaying a weapon in a way that reasonably created fear. The assault is that he's displaying a weapon with the intent to cause fear or alarm. So it really turns on the difference in intent. So if he doesn't intend to cause the officer, and the officer is the only person charged, fear or alarm, then he's guilty of unlawful display because the officer, I think anybody would agree as a reasonable person, fears this when he sees this man running in the street with a sword held above his head. If you look actually at the argument that the prosecutor made in terms of, in support of the attempted assault, it's incredibly convoluted. The facts, frankly, don't support the attempted assault at all, despite the fact that the jury has returned the verdict. Why do you have an attempted assault to begin with? Why do you have it at all? Well, I think in this case because it gives the jury a lesser crime to convict on. Because, you know, and this is where Keeble and Beck v. Alabama enter in. There has long been a recognition in the law that where a jury is given an all or nothing proposition and where the acts are clearly criminal in some way, the jury may convict of a greater offense where they would have convicted of that lesser if they had been given that opportunity. Well, do you agree or disagree with counsel for the appellant's argument that Beck is limited to capital cases? Oh, I agree that Beck does not create clearly established constitutional law that a habeas petitioner can rely on. And I'm not making a Beck claim. And likewise, I recognize that Strickland establishes its own substantive standard, right? So I'm not suggesting that we drop off of Strickland and apply Beck or Keeble and say that's the prejudice standard. If you don't have a clearly established constitutional right to a lesser included offense, where does the attorney derive his obligation to do so? What is it in Washington law or in something else that requires him to think about lesser included offenses? Well, because he has a statutory obligation. Statutory obligation for what? Well, I'm sorry. I misphrased that, and I appreciate you catching me right away on it. Because that kind of defeats your argument. Statutory versus constitutional is an ad for problem. I get that. I get that. He has a statutory opportunity is what I meant to say to ask for the lesser. Does Washington have a statute that relates to lesser included offenses? Washington does have a statute that relates to lesser included. What's the statute? I don't know that off the top of my head. I apologize. And what does it say? Can you paraphrase it for me? The standard in Washington is that a jury is allowed to consider a lesser included offense if it is actually a lesser included and if it is supported by the evidence. And the way juries deliberate in Washington with lessers is they consider the greater first, but then if they find the defendant not guilty or if they are unable to unanimously agree after deliberation, then they can drop down to the next lesser. So they don't have to acquit first and then move to the lesser. And I would be ---- But they have to go in order. They can't just start with the lesser. Well, according to the instructions, yes. And I think we have to assume that they followed their instructions or would have followed their instructions if the lesser had been given. So then why here if it starts with the greater and then you have the attempt and we know that they convicted of the attempt, why doesn't that end the inquiry? Because then they wouldn't have gone down to the misdemeanor. Because the scenario that was presented was after the attempt, it's complete acquittal, right? And what Keeble and Beck say is that for purposes of prejudice, we know that sometimes when juries are given these stark choices and where the conduct is clearly criminal, that that can have a distorting effect. Or to put it the other way. No, I know, but it's not an opportunity for jury nullification to feel sorry for someone and so if we know in this particular incident that they stopped, there's the tier one, the greater, then the kind of the lesser greater, and then the one that wasn't given. If we know that they stopped here, doesn't that tell us that they would have never gotten to the other one if they followed the instructions? No, not necessarily. Because, again, the law recognizes and logic I think supports this, that the insertion of another defense creates a possibility. This was the argument that was made in Beck. Look, if they really didn't think he was guilty of capital murder, they would have declared themselves hung. And because they didn't declare themselves hung, clearly they would have found this even if the lesser had been given. So according to the reasoning of the Washington Supreme Court, Gilbert Franklin Beck should be dead today. Alabama should have executed him because he could have never shown prejudice. But that's not what the U.S. Supreme Court said. They said that when a jury is given this stark contrast, they will sometimes convict of something because it's clear that he did something criminal. But I'm going to make the other argument. They didn't have the stark contrast. They just didn't get, like in Beck, if the request had been they should have given the choice of a battery. Because a murder is a battery. I don't think they would have reached the same result on a battery. But we're talking second degree manslaughter or, you know, other things that involve killing. So. Right. But in this case we have this really convoluted theory for attempted assault, that somehow Mr. Crase was intending to assault somebody else, and then he momentarily fixated on the officer and he took a substantial step towards assaulting that officer, but he never really completed it. That's really convoluted. Either he assaulted the officer or he didn't. What the jury did not have is sort of the natural resting place for Mr. Crase's theory of the case, which the evidence fully supported, which was that he was acting in a way that caused alarm, but he did not intend to cause that alarm. Does it matter in our analysis that he's serving a life without possibility? Does it really matter? Okay. It's in the back of our head. Does it really? Is that a factor to consider? I think that's a factor to consider on deficiency. Because if you're an attorney and you're representing someone, you have to be aware of the attendant penalties that follow a conviction. And so when you don't object to that attempted assault in the second degree, lesser, you have to keep in mind that that's not going to make any difference. If he gets convicted of that, he will still do life. And likewise, you should consider the penalty, the lessors that have lesser penalties. Counsel, in order to decide this case, do we have to decide the deficiency question? Can we simply assume, as the Washington Supreme Court did, that the attorney was deficient and then simply answer the question on prejudice? I'd love to say yes, but I think the answer is no. Why is the answer no? Well, because I think in order to grant relief, you have to find both prongs. I mean, I get why you can decide only one prong if you're turning somebody down, but I don't know that the others do. I'll look at that. Let me also say one other thing, and I recognize I'm over time, but it appears there's a missing page in the record, and it's actually the page, the instruction from the state court record, that describes the order of deliberation, the idea that you can be hung on the greater and move down to the lesser. And I'll work with counsel. You can file that in a post-period letter. Kind of an important missing page. You know, when I got there, I was like, maybe my computer's not working right. That's fine. But we'll work on that. Thank you. Okay. Let's see, I believe the state had a minute or so for rebuttal. Yes, Your Honor. Thank you very much. I just wanted to point out that the court would not be deciding the issue of deficient performance unless it decides that the Washington Supreme Court. You would agree with counsel's statement there, though. Assuming that we were to find that there was prejudice, we would have to go on and decide deficient performance. I think before the court would even get to that, Your Honor, the court would have to decide the Washington Supreme Court's decision is worthless and it can't be deferred to. And you have to reach the merits of it. I didn't say that. I just said for purposes of Strickland, there's two prongs. That's correct. In order to grant habeas relief on those, on a Strickland theory, you have to say there was deficient performance and prejudice. That's correct, Your Honor. My point is you won't be reducing that. I am, but there are two prongs. I was just asking if you agreed with his statement. I agree with that statement. Of course, that's what Strickland says. I'm saying that the court will not be reaching that unless it decides that the Washington Supreme Court's decision is wrong in some way. Well, okay. I think you're still not quite answering the question. My understanding is that counsel for the appellee said in order to affirm the district court, we actually have to look at prong one in order to do that. He said, I would like to say you don't have to, but I think that you really do have to. All right. If the question is, can a court assume the first one and then analyze it on the second one, or does that in and of itself make it a deficient decision by that recent decision? Your Honor, the United States Supreme Court said it in Strickland that courts can do just what the court described. The court need not reach both prongs of the Strickland test. Yes, if you can deny, then you can deny habeas, then you can deny relief. Let me take another stab at it. Let's suppose that the court, that this court was unanimous, and I'm not telling you how anybody's thinking, but let's suppose that we decided that Mr. Crais was prejudiced, that the prejudice was here. If there was deficient performance, do we then have to decide deficient performance before we can affirm the district court and order habeas relief? I would agree. Yes, Your Honor, you would have to do that. Okay. And that's what your opponent says. You are, you're, the both of you are not consistent. I'm in agreement. I'm in agreement with that, Your Honor, but I insist. But I know you're not backing off of your position. You don't. We get that. And as long as that has gotten, I have nothing further to say. Thank you, counsel. Thank you very much. We appreciate your fine, both of you, very fine arguments. Thank you. Thank you. Thank you.   Thank you.
judges: Paez, Bybee, Callahan